# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| NADIA HARDING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-297 |
| | ) | |
| HOBBY LOBBY STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant moves to stay discovery in this case, doc. 10, pending its motion to dismiss, doc. 6. For the following reasons, the motion is **GRANTED**. Within 14 days of the District Judge's ruling on the pending motion to dismiss, the parties shall confer and file a joint status report including a proposed schedule for all further deadlines in this case

When a party seeks a stay pending resolution of a motion to dismiss, the court takes a "preliminary peek" at the motion to assess the likelihood that it will be granted. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) ("[A] request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case."). A stay makes sense when the dismissal motion likely will dispose of the case, thus obviating discovery, *see Sams v. GA West Gate, LLC*, 2016 WL 3339764

at * 6 (S.D. Ga. June 10, 2016), or would dispose of at least some part of the case, thus narrowing it, *see United States ex rel. Jolie Johnson v. Spanish Oaks Hospice, Inc.*, No. CV415-143, doc. 47 (S.D. Ga. July 19, 2017). Based on that "preliminary peek," the motion to dismiss appears sufficiently strong to warrant staying discovery.

This case arises from a slip-and-fall at a Hobby Lobby store in Chatham County, Georgia on September 30, 2017. Doc. 1-1 at 2. Defendant alleges that it was filed outside the two-year statute of limitations when it was received for filing on October 1, 2019. In Georgia, a plaintiff bringing a claim for negligence generally has two years from the date the claim accrues to file a case. O.C.G.A. § 9-3-33. Moreover, in a case involving an injury like this one, the statute usually begins to run on the date of the incident. *See Bitterman v. Emory Univ.*, 175 Ga. App. 348 (1985). It appears from the filings that the plaintiff missed her window by at least a day. Given these alleged facts and circumstances, it seems possible that a motion to dismiss would be granted. On that basis, a stay is warranted. Accordingly, all discovery deadlines in this case are **STAYED**. Within fourteen days from the date the Court rules on defendant's motion to dismiss, the parties shall confer and file a Rule 26(f) Report.

Moreover, there is a more pressing issue. Counsel for plaintiff has not appeared, although Franklin Evans was listed as counsel of record in the underlying case removed from state court. *See* doc. 1-1 at 3. Likewise, plaintiff has not responded to either the motion to dismiss or the motion to stay. Accordingly, plaintiff is **DIRECTED** to show cause within 30 days why this case should not be dismissed for failure to prosecute. To facilitate a response to this motion, the Clerk of Court is **DIRECTED** to send via US Mail a copy of this order to plaintiff's listed attorney at the below address:

> Franklin Evans Law Firm, LLC
> c/o Franklin R. Evans
> P.O. Box 7279
> Chestnut Mountain, Georgia 30502

As well as via email to franklinevans.atty@gmail.com.

As a result, Plaintiff's motion to stay, doc. 10, is **GRANTED**. The parties are directed to meet and confer and file an amended Rule 26(f) report within fourteen days of the Court's ruling on the motion to dismiss if, of course, such motion is denied.

**SO ORDERED,** this 17th day of December, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA