IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

NADIA HARDING,              )
                                )
     Plaintiff,      )
                                )
v.                   )     CASE NO. CV419-297
                                )
HOBBY LOBBY STORES, INC.,  )
                                )
     Defendant.      )
                                )

## O R D E R

Before the Court is Defendant Hobby Lobby Stores, Inc.'s ("Hobby Lobby") Motion to Dismiss. (Doc. 6.) For the following reasons, Defendant Hobby Lobby's Motion to Dismiss is **GRANTED**.

### BACKGROUND

Plaintiff Nadia Harding brings this negligence action against Defendant Hobby Lobby alleging that "on or about September 30, 2017," Plaintiff, under the status of invitee, tripped and fell while walking out of a Hobby Lobby store, in Savannah, Georgia.[1] (Doc. 1, Attach. 1 at ¶¶ 5, 6.) Plaintiff claims that Hobby Lobby negligently failed to maintain their premises in a safe condition, to inspect the premises, and to warn invitees of hidden defects. (Doc. 1, Attach. 1 at ¶ 10.) Further, Plaintiff claims that Hobby

---

[1] For the purposes of this Order, the Court will accept all factual allegations in the Complaint as true and construe all allegations in the light most favorable to Plaintiff. Timson v. Sampson, 518 F.3d 870, 872 (11th Cir. 2008).

Lobby's negligence was a proximate cause of Plaintiff's accident and resulting injuries. (Doc. 1 Attach. 1 at ¶ 11.) Approximately two years after the alleged incident, Plaintiff filed her complaint in the State Court of Chatham County, Georgia. (Doc. 1, Attach. 1.) Plaintiff signed her complaint on Sunday, September 29, 2019 (Doc. 1, Attach. 1), but the Clerk of Court for the State Court of Chatham County did not mark the complaint as filed until Tuesday, October 1, 2019. (Doc. 1, Attach. 1.)

Defendant Hobby Lobby removed the case to this Court based on diversity jurisdiction (Doc. 1 at 1) and filed its Motion to Dismiss (Doc. 6). In Hobby Lobby's Brief in Support of its Motion to Dismiss, Hobby Lobby argues that under the applicable statute of limitations, O.C.G.A. § 9-3-33, Plaintiff's cause of action accrued the day after the alleged accident, on September 30, 2017, and ran on September 30, 2019. (Doc. 6 at 3-4.) Hobby Lobby argues that Plaintiff filed her complaint after the statute of limitations had run, evidenced by the stamp from the clerk. (Doc. 7 at 2-3.) Hobby Lobby further argues that Plaintiff has not offered any facts or argument that would operate to toll the statute of limitations past September 30, 2019. (Doc. 7 at 4-5.)

In response, Plaintiff argues that her complaint was timely as the complaint was dated September 29, 2019 and that the Chatham County Clerk of Court's failure "to officially stamp this document until October 1, 2019 is beyond control of the plaintiff." (Doc.

2

12.) Plaintiff claims that dismissing the action due to a "clerical error" would unduly prejudice the plaintiff. (Doc. 12.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007)). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' " Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. at 1965). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. at 1966) (alteration in original).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Id. (quoting Twombly, 550 U.S. at 570, 127 S. Ct. at 1974). For a claim to have facial plausibility, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged." _Sinaltrainal v. Coca-Cola Co._, 578 F.3d 1252, 1261 (11th Cir. 2009) (quotations omitted). Plausibility does not require probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." _Iqbal_, 556 U.S. at 678, 129 S. Ct. at 1949. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" _Id._ (quoting _Twombly_, 550 U.S. at 557, 127 S. Ct. at 1966). Additionally, a complaint is sufficient only if it gives "fair notice of what the . . . claim is and the grounds upon which it rests." _Sinaltrainal_, 578 F.3d at 1268 (quotations omitted).

When the Court considers a motion to dismiss, it accepts the well-pleaded facts in the complaint as true. _Id._ at 1260. However, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation." _Iqbal_, 556 U.S. at 678, 129 S. Ct. at 1950. Moreover, "unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of [plaintiff's] allegations." _Sinaltrainal_, 578 F.3d at 1268 (citing _Aldana v. Del Monte Fresh Produce, N.A., Inc._, 416 F.3d 1242, 1248 (11th Cir. 2005)). That is, "[t]he rule 'does not impose a probability requirement at the pleading stage,' but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary

4

element." <u>Watts v. Fla. Int'l Univ.</u>, 495 F.3d 1289, 1295-96 (11th Cir. 2007) (quoting <u>Twombly</u>, 550 U.S. at 545, 127 S. Ct. at 1959).

**ANALYSIS**

As stated above, Defendant Hobby Lobby seeks dismissal on the grounds that Plaintiff's complaint is barred by the applicable statute of limitations. (Doc. 7 at 3-4.) In response, Plaintiff contends that she submitted her complaint within the statute of limitations, but the Clerk of Court failed to file the complaint in a timely manner and that the Clerk's error should not bar Plaintiff from maintaining this action. (Doc. 12 at 1.)

In Georgia, the governing statute of limitations for personal injury actions is O.C.G.A. § 9-3-33 which provides:

> Except as otherwise provided in this article, actions for injuries to the person shall be brought within two years after the right of action accrues, except for injuries to the reputation, which shall be brought within one year after the right of action accrues, and except for actions for injuries to the person involving loss of consortium, which shall be brought within four years after the right of action accrues.

Instructions for the computation of the time is provided according to O.C.G.A. § 1-3-1(d)(3):

> Except as otherwise provided by time period computations specifically applying to other laws, when a period of time measured in days, weeks, months, years, or other measurements of time except hours is prescribed for the exercise of any privilege or the discharge of any duty, the first day shall not be counted but the last day shall be counted; and, if the last day falls on Saturday or Sunday, the party having such privilege or duty shall have through the following Monday to exercise the privilege or to discharge the duty . . . .

Infinite Energy, Inc. v. Pardue, 310 Ga. App. 355, 362, 713 S.E.2d 456, 464 (Ga. Ct. App. 2011) ("We have long held that OCGA § 1-3-1(d)(3), as amended in 1985, applies to personal injury actions governed by the two-year statute of limitation in OCGA § 9-3-33, so that a complaint is timely if filed on the second anniversary of the underlying incident.").

Plaintiff's complaint alleges that the accident occurred on or about September 30, 2017. (Doc. 1, Attach. 1 at ¶¶ 5, 6.) Pursuant to O.C.G.A. § 1-3-1(d)(3), the first day is not counted in the computation of the statute of limitations. Infinite Energy, 310 Ga. App. at 362-63, 713 S.E.2d at 463-64. Accordingly, the statute of limitations begins on October 1, 2017 and, to be timely, the complaint must have been filed on or before September 30, 2019. See Gardner v. Hyster Co., 785 F. Supp. 161, 163 (M.D. Ga. 1992) (stating that "amended O.C.G.A. § 1-3-1(d)(3) governs O.C.G.A. § 9-3-33, thereby extending the statute of limitations for personal injury actions to two years and one day" and finding that the two year statute of limitations ended on June 12, 1991 for the injury occurring on June 12, 1989); Reese v. City of Atlanta, 247 Ga. App. 701, 702, 545 S.E.2d 96, 98 (Ga. Ct. App. 2001) (finding the complaint to be timely filed on the second anniversary of the event, October 27, 1998); Weems v. Munson Transp., Inc., 210 Ga. App. 766, 766, 437 S.E.2d 640, 641 (Ga. Ct. App. 1993) (discussing

the 1985 amendment to O.C.G.A. § 1-3-1(d)(3) and finding that the because the complaint "was filed the day after the second anniversary date, it was not timely filed and the action was barred by the statute of limitations."); Hollingsworth v. Hubbard, 184 Ga. App. 121, 121, 361 S.E.2d 12, 13 (Ga. Ct. App. 1987) (noting that under the terms of O.C.G.A. § 1-3-1(d), as amended, May 21, 1984, the date of the collision, would not be counted in the computation of the period of limitations and the two-year period would thus be extended by one day to May 21, 1986).

Plaintiff contends that her complaint is timely because it was due to an error by the Clerk's office that the complaint was not filed until October 1, 2019. (Doc. 12 at 1.) Under Georgia law, "[g]enerally, the date stamped on a filing by the clerk is deemed the date of filing," but "[i]t is the date of delivery to the clerk's office that constitutes the date of filing, even if the clerk erroneously stamps a later date as the filing date." Reese, 247 Ga. App. at 701, 545 S.E.2d at 97. Thus,

> '[t]he actual date of filing is the date upon which the paper is handed to the clerk to be filed. The clerk's endorsement as to the date of filing is the best evidence of the filing of such paper, and is presumed correct as long as it is not challenged.'

Id. (quoting Lavan v. Philips, 184 Ga. App. 573, 574, 362 S.E.2d 138, 139 (Ga. Ct. App. 1987)). In this case, Plaintiff challenges the filing date, but only argues that the date of signature, September 29, 2019, as evidence that the filing date is incorrect.

Plaintiff does not provide any additional evidence of when she delivered the complaint to the Clerk's office to be filed, when the Clerk's office actually received the complaint, or any other evidence that directly contradicts the file stamp date of October 1, 2019. See Reese, 247 Ga. App. at 702, 545 S.E.2d at 98 (finding that the evidence showed the complaint timely reached the clerk's office and was signed for early in the morning on October 27, 1998 where plaintiff's counsel testified that he had received written confirmation from Federal Express that delivery had occurred on October 27, 1998 and evidence from Federal Express showed delivery on that date); Lavan, 184 Ga. App. at 573, 362 S.E.2d at 139 (clerk's stamp filed date was controverted and plaintiff presented numerous affidavits which established that the complaint was sent by Express Mail and marked received prior to the expiration of the statute of limitations but was not picked up by the Clerk's office until after the statute of limitations had run); Stephens v. Espy, 213 Ga. App. 580, 580, 445 S.E.2d 292, 293 (1994) (clerk's file stamp date was controverted by evidence, including a proof of delivery form and testimony, that showed that the complaint was delivered to the clerk's office prior to the expiration of the statute of limitations).

Again, in this case, Plaintiff presents no such evidence or arguments. In fact, at the top of each page of the complaint and case filing form attached to the notice of removal in this case,

8

there is a notation that reads "RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA., 10/1/2019 11:59 A.M." (Doc. 1, Attach. 1 at 1-5.) In the absence of evidence to the contrary, the Court finds that this action was filed on October 1, 2019 and is barred by the statute of limitations. As a result, Plaintiff's action is **DISMISSED.**

## CONCLUSION

For the foregoing reasons, Defendant Hobby Lobby's Motion to Dismiss (Doc. 6) is **GRANTED.** As a result, Plaintiff's Complaint (Doc. 1, Attach. 1) is **DISMISSED WITH PREJUDICE.** The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this *30th* day of July 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA